# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **CODY SCHONES and LEO CALVILLO,** | § | |
| **On Behalf of Themselves and All Others** | § | |
| **Similarly Situated,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | **CIVIL ACTION NO. 5:16-cv-00483** |
| **v.** | § | |
| | § | |
| **BIG T ENERGY SERVICES, LLC, and** | § | |
| **APACHE CORPORATION,** | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANT'S ORIGINAL ANSWER

Apache Corporation ("Apache"), by and through its undersigned counsel, Andrews Kurth LLP, hereby files its Answer to Plaintiffs' Original Complaint (the "Complaint"). As a general matter, notwithstanding that Apache and Defendant Big T Energy Services, LLC ("Big T") are separate and unrelated entities, Plaintiffs refer throughout the Complaint to Apache and Big T collectively as "Defendants," without attempting to differentiate between the two or provide any clarification as to how the specific allegations pertain to each separate entity. Accordingly, throughout this Answer, Apache responds to any allegations made against "Defendants" from its own perspective, and unless otherwise noted, it should be understood that Apache denies having knowledge or information sufficient to form a belief as to the truth of the allegations to the extent that they relate to Big T. Additionally, and with respect to the specific allegations, Apache respectfully states as follows:

# I.    SUMMARY

1.      Apache denies the allegations in Paragraph 1, except admits that Plaintiffs purport to proceed as set forth therein.

2.      Apache denies the allegations in Paragraph 2, except admits that Plaintiffs purport to proceed as set forth therein.

3.      The allegations in Paragraph 3 contain legal conclusions or arguments to which no response is required; however, to the extent that a response may be deemed to be required, Apache denies the allegations set forth therein.

4.      Apache denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 regarding the "putative collective action members," as they have not been adequately identified by Plaintiffs.  Apache denies all other allegations in Paragraph 4, and avers that Plaintiffs were designated as Contract Pumpers with respect to the services that they performed in connection with Apache projects.

5.      Apache denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 regarding the "putative collective action members," as they have not been adequately identified by Plaintiffs.  Apache denies all other allegations in Paragraph 5.

6.      Apache denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 regarding the "putative collective action members," as they have not been adequately identified by Plaintiffs.  Apache denies all other allegations in Paragraph 6.

7.      Apache denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 regarding the "putative collective action members," as

they have not been adequately identified by Plaintiffs.  Apache denies all other allegations in Paragraph 7.

8.     The allegations in Paragraph 8 contain legal conclusions or arguments to which no response is required; however, to the extent that a response may be deemed to be required, Apache denies having knowledge or information sufficient to form a belief as to the truth of the allegations therein regarding the "putative collective action members," as they have not been adequately identified by Plaintiffs.  Apache admits that Plaintiffs purport to proceed as set forth in Paragraph 8, and Apache denies all other allegations contained therein.

9.     The allegations in Paragraph 9 contain legal conclusions or arguments to which no response is required; however, to the extent that a response may be deemed to be required, Apache denies having knowledge or information sufficient to form a belief as to the truth of the allegations therein regarding the "putative collective action members," as they have not been adequately identified by Plaintiffs.  Apache denies all other allegations in Paragraph 9.

10.     Apache denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 regarding the "putative collective action members," as they have not been adequately identified by Plaintiffs.  Apache denies all other allegations in Paragraph 10, except admits that Plaintiffs purport to proceed as set forth therein.

11.     Apache denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 regarding the "putative collective action members," as they have not been adequately identified by Plaintiffs.  Apache denies all other allegations in Paragraph 11, except admits that Plaintiffs purport to proceed as set forth therein.

## II.     THE PARTIES, JURISDICTION AND VENUE

**A.  Plaintiff Cody Schones**

12.     Apache denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12.

13.     Apache denies the allegations in Paragraph 13.

14.     The allegations in Paragraph 14 contain legal conclusions or arguments to which no response is required; however, to the extent that a response may be deemed to be required, Apache denies the allegations therein.

15.     Apache denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15.

16.     Apache denies the allegations in Paragraph 16.

17.     Apache denies the allegations in Paragraph 17.

18.     Apache denies the allegations in Paragraph 18.

19.     Apache denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19.

20.     Apache denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.

**B.  Plaintiff Leo Calvillo**

21.     Apache denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21.

22.     Apache denies the allegations in Paragraph 22.

23.     The allegations in Paragraph 23 contain legal conclusions or arguments to which no response is required; however, to the extent that a response may be deemed to be required,

Apache denies the allegations therein.

24. Apache denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24.

25. Apache denies the allegations in Paragraph 25.

26. Apache denies the allegations in Paragraph 26.

27. Apache denies the allegations in Paragraph 27.

28. Apache denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28.

29. Apache denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29.

## C.  **Collective Action Members**

30. The allegations in Paragraph 30 contain legal conclusions or arguments to which no response is required; however, to the extent that a response may be deemed to be required, Apache denies having knowledge or information sufficient to form a belief as to the truth of the allegations therein regarding the "putative collective action members," as they have not been adequately identified by Plaintiffs.  Apache denies all other allegations in Paragraph 30.

31. The allegations in Paragraph 31 contain legal conclusions or arguments to which no response is required; however, to the extent that a response may be deemed to be required, Apache denies having knowledge or information sufficient to form a belief as to the truth of the allegations therein regarding the "putative collective action members," as they have not been adequately identified by Plaintiffs.  Apache denies all other allegations in Paragraph 31.

32. The allegations in Paragraph 32 contain legal conclusions or arguments to which no response is required; however, to the extent that a response may be deemed to be required,

Apache denies having knowledge or information sufficient to form a belief as to the truth of the allegations therein regarding the "putative collective action members," as they have not been adequately identified by Plaintiffs. Apache admits that this case is brought as a purported collective action, but Apache denies that a collective action is appropriate. Apache denies all other allegations in Paragraph 32.

33. The allegations in Paragraph 33 contain legal conclusions or arguments to which no response is required; however, to the extent that a response may be deemed to be required, Apache denies having knowledge or information sufficient to form a belief as to the truth of the allegations therein regarding the "putative collective action members," as they have not been adequately identified by Plaintiffs. Apache admits that this case is brought as a purported collective action, but Apache denies that a collective action is appropriate. Apache denies all other allegations in Paragraph 33.

## D. Defendant Big T Services, LLC

34. Apache denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34.

35. Apache denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35.

36. Apache denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36.

37. The allegations in Paragraph 37 contain legal conclusions or arguments to which no response is required; however, to the extent that a response may be deemed to be required, Apache denies having knowledge or information sufficient to form a belief as to the truth of the allegations therein.

38.     The allegations in Paragraph 38 contain legal conclusions or arguments to which no response is required; however, to the extent that a response may be deemed to be required, Apache denies having knowledge or information sufficient to form a belief as to the truth of the allegations therein.

39.     The allegations in Paragraph 39 contain legal conclusions or arguments to which no response is required; however, to the extent that a response may be deemed to be required, Apache denies having knowledge or information sufficient to form a belief as to the truth of the allegations therein.

40.     Apache denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40.

41.     Apache denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41.

42.     Apache denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42.

43.     Apache denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43.

**E.  Defendant Apache Corporation**

44.     Apache denies the allegations in Paragraph 44, and avers that Apache is incorporated under the laws of the State of Delaware.

45.     Apache denies the allegations in Paragraph 45, except admits that Apache does business in the State of Texas.

46.     Apache denies the allegations in Paragraph 46, and avers that Apache's corporate headquarters is located at 2000 Post Oak Blvd., Suite 100, Houston, Texas  77056.

47.     The allegations in Paragraph 47 contain legal conclusions or arguments to which no response is required; however, to the extent that a response may be deemed to be required, Apache denies having knowledge or information sufficient to form a belief as to the truth of the allegations therein regarding the "putative collective action members," as they have not been adequately identified by Plaintiffs.  Apache denies all other allegations in Paragraph 47.

48.     The allegations in Paragraph 48 contain legal conclusions or arguments to which no response is required; however, to the extent that a response may be deemed to be required, Apache denies having knowledge or information sufficient to form a belief as to the truth of the allegations therein regarding the "putative collective action members," as they have not been adequately identified by Plaintiffs.  Apache denies all other allegations in Paragraph 48.

49.     The allegations in Paragraph 49 contain legal conclusions or arguments to which no response is required; however, to the extent that a response may be deemed to be required, Apache respectfully refers the Court to the Fair Labor Standards Act of 1938 (the "FLSA") for the full text and true meaning of "enterprise engaged in commerce."

50.     The allegations in Paragraph 50 contain legal conclusions or arguments to which no response is required; however, to the extent that a response may be deemed to be required, Apache admits that it employs more than two individuals.  Apache denies all other allegations in Paragraph 50.

51.     The allegations in Paragraph 51 contain legal conclusions or arguments to which no response is required; however, to the extent that a response may be deemed to be required, Apache admits that it employs more than two individuals.  Apache denies all other allegations in Paragraph 51.

52.     Apache denies the allegations in Paragraph 52, except admits that its annual

earnings exceed $500,000.

53. Apache denies the allegations in Paragraph 53, except admits that Apache's registered agent is CT Corporation.

F. **Jurisdiction and Venue**

54. The allegations in Paragraph 54 contain legal conclusions or arguments to which no response is required; however, to the extent that a response may be deemed to be required, Apache admits that Plaintiffs are seeking to invoke the jurisdiction of this Court, but Apache denies that it violated the statutes or regulations at issue. Apache denies all other allegations in Paragraph 54.

55. Apache admits that it does business in the State of Texas. Apache denies having knowledge or information sufficient to form a belief as to the truth of all other allegations in Paragraph 55.

56. The allegations in Paragraph 56 contain legal conclusions or arguments to which no response is required. Apache denies that it violated the statutes or regulations at issue. Apache denies all other allegations in Paragraph 56.

57. The allegations in Paragraph 57 contain legal conclusions or arguments to which no response is required; however, to the extent that a response may be deemed to be required, Apache admits that the United States District Court for the Western District of Texas is the proper venue for this case, but Apache denies that it violated the statutes or regulations at issue. Apache denies all other allegations in Paragraph 57.

58. The allegations in Paragraph 58 contain legal conclusions or arguments to which no response is required; however, to the extent that a response may be deemed to be required, Apache admits that the San Antonio Division of the United States District Court for the Western

District of Texas is the proper venue for this case, but Apache denies that it violated the statutes or regulations at issue. Apache denies all other allegations in Paragraph 58.

## III.    FACTUAL BACKGROUND

59.    To the extent that Paragraph 59 contains allegations required to be admitted or denied, Apache denies all such allegations.

60.    Apache denies the allegations in Paragraph 60.

61.    Apache denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 insofar as they relate to Plaintiffs' actions or pay. Apache denies all other allegations in Paragraph 61.

62.    Apache denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 insofar as they relate to the ways in which Plaintiffs were paid. Apache denies all other allegations in Paragraph 62.

63.    Apache denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 insofar as they related to Plaintiffs' actions or pay. Apache denies all other allegations in Paragraph 63.

64.    Apache denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 insofar as they relate to the Plaintiffs' or Big T's actions or amounts and methods of payments. Apache denies all other allegations in Paragraph 64.

65.    The allegations in Paragraph 65 contain legal conclusions or arguments to which no response is required; however, to the extent that a response may be deemed to be required, Apache denies the allegations therein.

66.    Apache denies the allegations in Paragraph 66.

67.     Apache denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 insofar as they relate to the actions of Crosby. Apache denies all other allegations contained in Paragraph 67, except admits that Plaintiffs purport to proceed as set forth therein.

68.     The allegations in Paragraph 68 contain legal conclusions or arguments to which no response is required; however, to the extent that a response may be deemed to be required, Apache denies the allegations therein.

69.     The allegations in Paragraph 69 contain legal conclusions or arguments to which no response is required; however, to the extent that a response may be deemed to be required, Apache denies the allegations therein.

70.     Apache denies the allegations in Paragraph 70.

71.     Apache denies the allegations in Paragraph 71.

72.     Apache denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 insofar as they relate to Plaintiffs' sources of income. Apache denies all other allegations in Paragraph 72.

73.     Apache denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 insofar as they relate to Plaintiffs' actions or pay. Apache denies all other allegations in Paragraph 73.

74.     Apache denies the allegations in Paragraph 74.

75.     Apache denies the allegations in Paragraph 75.

76.     Apache denies the allegations in Paragraph 76.

77.     Apache denies the allegations in Paragraph 77.

78.     The allegations in Paragraph 78 contain legal conclusions or arguments to which

no response is required; however, to the extent that a response may be deemed to be required, Apache denies the allegations therein.

79. Apache denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79.

80. Apache denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80.

81. The allegations in Paragraph 81 contain legal conclusions or arguments to which no response is required; however, to the extent that a response may be deemed to be required, Apache denies having knowledge or information sufficient to form a belief as to the truth of the allegations therein, as the purported "collective action members" have not been adequately identified by Plaintiffs. Apache denies all other allegations in Paragraph 81.

## IV.    CONTROLLING LEGAL RULES

82. The allegations in Paragraph 82 contain legal conclusions or arguments to which no response is required; however, to the extent that a response may be deemed to be required, Apache respectfully refers the Court to the case cited therein for its full text and true meaning.

83. The allegations in Paragraph 83 contain legal conclusions or arguments to which no response is required; however, to the extent that a response may be deemed to be required, Apache respectfully refers the Court to the cases cited therein for their full text and true meaning.

84. The allegations in Paragraph 84 contain legal conclusions or arguments to which no response is required; however, to the extent that a response may be deemed to be required, Apache respectfully refers the Court to the case cited therein for its full text and true meaning.

85. The allegations in Paragraph 85 contain legal conclusions or arguments to which no response is required; however, to the extent that a response may be deemed to be required,

Apache respectfully refers the Court to the statutory provisions cited therein for their full text and true meaning.

86.     The allegations in Paragraph 86 contain legal conclusions or arguments to which no response is required; however, to the extent that a response may be deemed to be required, Apache respectfully refers the Court to the statutory provision cited therein for its full text and true meaning.

87.     The allegations in Paragraph 87 contain legal conclusions or arguments to which no response is required; however, to the extent that a response may be deemed to be required, Apache denies the allegations and respectfully refers the Court to the statutory provision cited therein for its full text and true meaning.

88.     The allegations in Paragraph 88 contain legal conclusions or arguments to which no response is required; however, to the extent that a response may be deemed to be required, Apache respectfully refers the Court to the statutory provision cited therein for its full text and true meaning.

89.     The allegations in Paragraph 89 contain legal conclusions or arguments to which no response is required; however, to the extent that a response may be deemed to be required, Apache respectfully refers the Court to the statutory provision cited therein for its full text and true meaning.

90.     The allegations in Paragraph 90 contain legal conclusions or arguments to which no response is required; however, to the extent that a response may be deemed to be required, Apache respectfully refers the Court to the statutory provision cited therein for its full text and true meaning.

# V. FLSA CLAIMS

91.     To the extent that Paragraph 91 contains allegations required to be admitted or denied, Apache denies all such allegations.

92.     The allegations in Paragraph 92 contain legal conclusions or arguments to which no response is required; however, to the extent that a response may be deemed to be required, Apache denies the allegations and respectfully refers the Court to the statutory provisions cited therein for their full text and true meaning.

93.     The allegations in Paragraph 93 contain legal conclusions or arguments to which no response is required; however, to the extent that a response may be deemed to be required, Apache denies the allegations therein.

94.     The allegations in Paragraph 94 contain legal conclusions or arguments to which no response is required; however, to the extent that a response may be deemed to be required, Apache denies the allegations and respectfully refers the Court to the legal authorities cited therein for their full text and true meaning.

95.     The allegations in Paragraph 95 contain legal conclusions or arguments to which no response is required; however, to the extent that a response may be deemed to be required, Apache denies the allegations and respectfully refers the Court to the statutory provision cited therein for its full text and true meaning.

96.     Apache denies the allegations in Paragraph 96.

97.     The allegations in Paragraph 97 contain legal conclusions or arguments to which no response is required; however, to the extent that a response may be deemed to be required, Apache denies the allegations and respectfully refers the Court to the statutory provision cited therein for its full text and true meaning.

98.    Apache denies the allegations in Paragraph 98.

99.    The allegations in Paragraph 99 contain legal conclusions or arguments to which no response is required; however, to the extent that a response may be deemed to be required, Apache denies the allegations and respectfully refers that Court to the statutory provision cited therein for its full text and true meaning.

100.    Apache denies the allegations in Paragraph 100.

101.    The allegations in Paragraph 101 contain legal conclusions or arguments to which no response is required; however, to the extent that a response may be deemed to be required, Apache denies the allegations and respectfully refers the Court to the case cited therein for its full text and true meaning.  However, Apache admits that Plaintiffs purport to proceed as set forth therein.

102.    Apache admits that Plaintiffs purport to proceed as set forth in Paragraph 102; however, Apache denies that it is liable for any damages.

## VI.    FLSA COLLECTIVE ACTION

103.    To the extent that Paragraph 103 contains allegations required to be admitted or denied, Apache denies all such allegations.

104.    The allegations in Paragraph 104 contain legal conclusions or arguments to which no response is required; however, to the extent that a response may be deemed to be required, Apache denies having knowledge or information sufficient to form a belief as to the truth of the allegations therein regarding the "putative collective action members," as they have not been adequately identified by Plaintiffs.  Apache admits that this case is brought as a purported collective action, but Apache denies that a collective action is appropriate.  Apache denies all other allegations in Paragraph 104.

105.     The allegations in Paragraph 105 contain legal conclusions or arguments to which no response is required; however, to the extent that a response may be deemed to be required, Apache denies having knowledge or information sufficient to form a belief as to the truth of the allegations therein regarding the "putative collective action members," as they have not been adequately identified by Plaintiffs.  Apache admits that this case is brought as a purported collective action, but Apache denies that a collective action is appropriate.  Apache denies all other allegations in Paragraph 105.

106.     The allegations in Paragraph 106 contain legal conclusions or arguments to which no response is required; however, to the extent that a response may be deemed to be required, Apache respectfully refers the Court to the cases cited therein for their full text and true meaning.

107.     The allegations in Paragraph 107 contain legal conclusions or arguments to which no response is required; however, to the extent that a response may be deemed to be required, Apache denies having knowledge or information sufficient to form a belief as to the truth of the allegations therein regarding "putative collective action members," as they have not been adequately identified by Plaintiffs.  Apache admits that this case is brought as a purported collective action, but Apache denies that a collective action is appropriate.  Apache respectfully refers the Court to the statutory provision cited therein for its full text and true meaning.

108.     Apache admits that Plaintiffs purport to proceed as set forth in Paragraph 108; however, Apache denies that Plaintiffs are or will be entitled to any such relief or course of action.

109.     Apache admits that Plaintiffs purport to proceed as set forth in Paragraph 109; however, Apache denies that Plaintiffs are or will be entitled to any such relief or course of action.

## VII.    JURY DEMAND

110.    Apache admits that Plaintiffs have requested a trial by jury, but Apache denies that Plaintiffs are entitled to a trial by jury in this or any other action against Apache.

## VIII.    DAMAGES AND PRAYER

111.    Apache admits that Plaintiffs purport to seek the relief enumerated in Paragraph 111, and all subparagraphs thereto, but Apache denies that there is any legal or factual basis for any such relief.

## IX.    AFFIRMATIVE DEFENSES

Each and every allegation set forth in the Complaint not expressly admitted is herein denied. Further, Apache reserves the right to amend this Answer or add additional defenses or other matters, as allowed by the federal rules and as discovery proceeds.

In asserting the following defenses, Apache does not admit that the burden of proving the allegations or denials contained in the defenses is upon Apache, but to the contrary, that the burden of proving the facts relevant to many of the defenses and the burden of proving the inverse of the allegations contained in the defenses is upon Plaintiffs. Moreover, Apache does not admit in asserting any defense or any other matter, any liability. Rather, Apache specifically denies any and all allegations of liability in the Complaint.

Without admitting liability as to any of Plaintiffs' causes of action, Apache asserts the following additional defenses and other matters:

### First Affirmative Defense

The Complaint fails, in whole or in part, to state a claim against Apache upon which relief can be granted.

## Second Affirmative Defense

Apache is not liable to Plaintiffs or any purported "putative collective action members" for alleged damages attributed to any period of time that they were not employees of Apache.

## Third Affirmative Defense

The claims of Plaintiffs and the purported "putative collective action members" are barred, in whole or in part, by the applicable statute of limitations.

## Fourth Affirmative Defense

The claims of Plaintiffs and the purported "putative collective action members" are barred, in whole or in part, under the equitable doctrines of waiver, estoppel, and ratification.

## Fifth Affirmative Defense

The claims of Plaintiffs and the purported "putative collective action members" are barred, in whole or in part, by release.

## Sixth Affirmative Defense

To the extent that any violations of the FLSA or any other applicable law, regulation, rule, or guideline occurred, such irregularities were inadvertent, accidental, and based on Apache's good faith understanding of the FLSA, third-party representations, and any other applicable law, regulation, rule, or guideline.

## Seventh Affirmative Defense

Plaintiffs and the purported "putative collective action members" are not entitled to liquidated damages since at all times relevant and material to this action, Apache acted in good faith and had reasonable grounds for believing that its acts or omissions were in conformity with applicable law, and Apache did not act willfully, recklessly, or maliciously.

### Eighth Affirmative Defense

Apache's alleged actions or omissions, if any, do not constitute a willful violation of the FLSA or any other law, regulation, rule, or guideline; therefore, the two-year statute of limitations should apply. Moreover, the burden is on Plaintiffs and the "putative collective action members" to prove any alleged willful violation.

### Ninth Affirmative Defense

The claims of Plaintiffs and the "putative collective action members" should be dismissed, in whole or in part, because any amounts allegedly owed by Apache to Plaintiffs and the "putative collective action members" have been paid or otherwise satisfied for all hours worked.

### Tenth Affirmative Defense

To the extent that Plaintiffs or the "putative collective action members" performed any work for which they were not compensated, they are barred from recovery under the *de minimus* doctrine.

### Eleventh Affirmative Defense

With respect to any wages sought or recovered by Plaintiffs or any "putative collective action members," Apache is entitled to an offset for amounts actually paid to them by Big T for the period of time for which such lost wages are calculated. Apache is also entitled to an offset for amounts actually paid to Big T or an award against Big T for such amounts.

### Twelfth Affirmative Defense

Plaintiffs and the "putative collective action members" are exempt from the overtime provisions of the FLSA.

### Thirteenth Affirmative Defense

The claims of Plaintiffs and the "putative collective action members" are barred, in whole or in part, to the extent that they have failed to mitigate their alleged damages, if any, or to otherwise avoid their alleged harm.

### Fourteenth Affirmative Defense

Plaintiffs and the "putative collective action members" have suffered no injury as the result of any conduct of Apache.

### Fifteenth Affirmative Defense

Any injuries alleged to have been suffered by Plaintiffs and the "putative collective action members" are the result of acts and omissions of parties other than Apache.

### Sixteenth Affirmative Defense

Plaintiffs and the "putative collective action members" are not similarly situated under applicable law.

## X.  PRAYER FOR RELIEF

For these reasons, Defendant Apache Corporation respectfully requests that the action against it be dismissed with prejudice, that it be awarded its attorneys' fees and costs, and that judgment be entered in its favor for such other and further relief to which it may be justly entitled both in law and in equity.

Dated:  July 15, 2016

Respectfully submitted,

By: */s/ Marc D. Katz*

Marc D. Katz
State Bar No. 00791002
marckatz@andrewskurth.com
Andrews Kurth LLP
1717 Main Street, Suite 3700
Dallas, TX  75201
Phone:  (214) 659-4400
Fax:  (214) 659-4401

**ATTORNEYS FOR DEFENDANT
APACHE CORPORATION**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this document has been served on all counsel of record via electronic mail through Local Rule CV-5(a) on this 15 day of July, 2016.

*/s/ Marc D. Katz*

Marc D. Katz